LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Pro Hac Vice Ca. Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Pro Hac Vice Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:  (818) 347-3333
Facsimile:  (818) 347-4118

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT FOR THE

# DISTRICT OF ARIZONA

| | |
|---|---|
| Yessenia Garcia, an individual, | Case No. 2:21-cv-00914-SPL-JZB |
| Plaintiff, | [*Honorable Steven P. Logan*] |
| vs. | **PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF THE CITY OF SCOTTSDALE'S CONCLUSIONS THAT THE INVOLVED OFFICERS HAD PROBABLE CAUSE TO ARREST PLAINTIFF AND WAS WITHIN POLICY** |
| The City of Scottsdale, Brian Steel, Nick Fay, and Does 1 through 10, inclusive. | |
| Defendants. | |
| | [[Proposed] Order; and attached exhibits *filed concurrently herewith*] |
| | Pretrial Conf.:  February 28, 2023<br>Time:  9:00 a.m.<br>Crtm:  501 |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD AND TO THIS HONORABLE COURT, PLEASE TAKE NOTICE THAT** on February 28, 2023 at 9:00 a.m. in the above-referenced court, Plaintiffs will and do hereby move for an order excluding from evidence at trial any reference to or argument concerning any review or conclusion by the City of Scottsdale Police Department ("SPD"), including their Internal Affair's Department, that any of the involved officers had probable cause to arrest Plaintiff or that the involved SPD officers arrest of Plaintiff was within SPD. policy.

Plaintiff Counsel hereby certifies they have in good faith conferred with the opposing counsel in an effort to resolve the disputed evidentiary issues that is the subject of the motion.

Plaintiff bases her motion on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Eric Valenzuela in Support of Plaintiffs' Motions in Limine and Exhibits attached thereto; Plaintiffs' [Proposed] Order, any argument raised at the hearing on this motion, and all other pleadings and papers on file with this honorable court.

Respectfully submitted,

Dated: February 7, 2023     LAW OFFICES OF DALE K. GALIPO

By: _____/s/ Dale K. Galipo_____
Dale K. Galipo
Eric Valenzuela
Attorneys for Plaintiffs

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  THE CONCLUSIONS OF THE CITY OF SCOTTSDALE REGARDING THE ISSUE OF PROBABLE CAUSE TO ARREST SHOULD BE EXCLUDED**

Plaintiff seeks to exclude evidence of any conclusions by the Scottsdale Police Department, including any review by the Internal Affairs Department, that the involved SPD officers (1) had probable cause to arrest Plaintiff; (2) that the arrest was within policy; (3) that the arrest was reasonable, lawful or justified; or (4) that evidence would be lost if the arrest was delayed.

Here, the SPD, Internal Affair's Report, regarding the incident indicates that the involved officers had probable cause to arrest Plaintiff.  The SDP, Internal Affairs Report states that the facts and circumstances known to the arresting officer at that time would lead a reasonable police officer to conclude that a crime had been committed, that Plaintiff probably committed that crime, and evidence would be lost if the arrest was delayed.  See Exhibit A, *attached hereto,* Internal Affairs Report, at 24.  However, the fact that the City of Scottsdale Police Department reviewed the involved SPD officers arrest of the Plaintiff, and found that the officers had probable cause to arrest, that the arrest was within policy, that it was reasonable, lawful or justified or that the evidence would be lost if the arrest was delayed, is irrelevant to the issue at the heart of this case, which is whether Officers Fay and Steel's conduct amounted to a constitutional violation, for an unreasonable search and seizure.  Adherence to or deviation from municipal policy is not evidence of a constitutional violation.  Further, given that there are no *Monell* claims in this action, there is little, if any, probative value in this piece of evidence.

When balanced against the substantial risk that the City of Scottsdale's conclusions regarding whether the arrest of the Plaintiff was within SPD policy may influence the jury to reach a verdict based on an improper legal standard and thus invite juror error, this evidence should be excluded pursuant to F.R.E. 403.

For all the foregoing reasons, Plaintiff respectfully requests an order excluding the conclusions by the City of Scottsdale's Police Department, that the involved officers had probable cause to arrest Plaintiff, that the arrest was within SPD policy, that the arrest was reasonable, lawful, or justified, or that evidence would be lost if arrest was delayed.

Respectfully submitted,

Dated: February 7, 2023                    LAW OFFICES OF DALE K. GALIPO

                                    By:      /s/ Eric Valenzuela
                                          Dale K. Galipo
                                          Eric Valenzuela
                                          Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on February 7 2022, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and electronic service to:

Lori S. Davis
Stephanie Heizer
Abram N. Bowman
SCOTTSDALE CITY ATTORNEY'S OFFICE
3939 North Drinkwater Boulevard
Scottsdale, Arizona 85251
*Attorneys for Defendants City of Scottsdale*

Anthony J. Ramirez
WARNOCK MACKINLAY LAW, PLLC
7135 East Camelback Road, Suite F-240
Scottsdale, AZ 85251
*Attorneys for Plaintiff Yessenia Garcia*

Benjamin Taylor
TAYLOR & GOMEZ LAW
2600 North 44th Street, Suite B101
Phoenix, AZ 85008
*Attorneys for Plaintiff Yessenia Garcia*


By:   /s/ Karen Slyapich