**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yessenia Garcia,<br><br>              Plaintiff,<br>vs.<br><br>City of Scottsdale, et al.,<br><br>              Defendants. | No. CV-21-00914-PHX-SPL<br><br>**ORDER** |

        Before the Court is Plaintiff's Motion to Re-Open Discovery (Doc. 100), which has been fully briefed. For the reasons that follow, the Motion will be denied.[1]

        Plaintiff's Motion seeks to reopen discovery for 30–45 days for the limited purpose of designating experts. The Scheduling Order in this case, issued December 8, 2021, set the following expert deadlines: Plaintiff's expert disclosures due July 22, 2022; Defendants' expert disclosures due August 26, 2022; rebuttal expert disclosures due September 9, 2022; and expert depositions due September 30, 2022, which was also the fact discovery deadline. (Doc. 28). On February 11, 2022, however, Defendants filed a Motion to Stay Discovery pending resolution of their concurrently filed Motion for Summary Judgment, which included qualified immunity arguments that would immunize Defendants from discovery. (Doc. 39). Plaintiff opposed the Motion to Stay (Doc. 50),

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* LRCiv 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

but on May 5, 2022, before any expert disclosures were made, Magistrate Judge Boyle granted the Motion to Stay pending resolution of the Motion for Summary Judgment (Doc. 67).

On August 15, 2022, after the deadline for Plaintiff's expert disclosures had passed, the Court granted in part and denied in part Defendant's Motion for Summary Judgment and referred the case to Magistrate Judge Willett for a settlement conference on the remaining claim. (Doc. 69). The settlement conference was held, unsuccessfully, on December 9, 2022. (Doc. 76). On January 5, 2023, the reference to Judge Boyle was withdrawn and the Court set the case for Final Pretrial Conference. (Doc. 78).

On February 13, 2023—after Defendants had filed a motion in limine seeking to preclude undisclosed experts—Plaintiff filed the instant Motion to Re-Open Discovery for the limited purpose of designating experts, arguing that the discovery stay was never lifted so she never had the opportunity to designate experts. Defendants oppose the Motion on several grounds, but primarily argue that Plaintiff has failed to show good cause or the requisite diligence to modify the Scheduling Order. Defendants further argue that discovery would need to be reopened for several months to allow Defendants to address Plaintiff's experts and take depositions, and that the discovery would be futile because the experts' testimony would be inadmissible.

Under Federal Rule of Civil Procedure ("FRCP") 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." The Ninth Circuit has stated that "[t]he central inquiry under FRCP 16(b)(4) is whether the requesting party was diligent in seeking the amendment." *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017). If the party requesting a modification "was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). District courts must consider six factors when ruling on a motion to amend a scheduling order to reopen discovery: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines

established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

Beginning with diligence, even if Plaintiff could not have designated experts while discovery was stayed, she failed to diligently pursue the discovery she now seeks after the Motion for Summary Judgment was denied on August 15, 2022. At that time, it was less than a month since her expert disclosure deadline had passed and there was still more than a month until discovery closed; she could easily have filed a motion to lift the discovery stay, modify Plaintiff's expert disclosure deadline, and if necessary, extend the time for discovery in general. Instead, she waited six months—after the case was set for Final Pretrial Conference and after the parties filed their pretrial motions and joint proposed pretrial documents—to file the instant motion.

Plaintiff asserts that she did not seek to reopen discovery prior to the settlement conference because she "believed the parties had the best chance of settling the case if they did the settlement conference without having conducted additional discovery prior to the settlement conference and simply conducting discovery after the settlement conference in the event the case did not settle." (Doc. 119 at 2). This explanation rings hollow. First, her Motion to Reopen Discovery was not filed until more than two months after the unsuccessful settlement conference and more than a month after the cases was set for Final Pretrial Conference. Plaintiff offers no explanation, much less good cause, for this delay. Second, Plaintiff knew that the discovery deadline would pass before the settlement conference was conducted; on September 14, 2022 (before the September 30 discovery deadline), Judge Willett set the settlement conference for December 2, 2022.[2] Plaintiff offers no explanation for why she did not seek an extension of the discovery

---

[2] On December 2, 2022, the settlement conference was continued due to defense counsel's family emergency and subsequently reset and conducted on December 9, 2022. (Docs. 73, 75, 76).

3

deadline at that time so that she would be able to complete discovery if the settlement conference were unsuccessful. These circumstances show carelessness for the purported need for additional discovery and the Court's schedule, and "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."[3] *Johnson*, 975 F.2d at 609.

The finding that Plaintiff was not diligent forecloses the possibility of relief under FRCP 16(b)(4), but other enumerated factors further support the denial of Plaintiff's Motion. First, although trial has not yet been scheduled, the Court's Order Setting Final Pretrial Conference, issued January 5, 2023, suggested its intent to schedule trial imminently as the parties were required to "propose at least two blocks of trial dates within 120 days of the date of the Final Pretrial Conference" in their Joint Proposed Final Pretrial Order. (Doc. 78-1 at 7). In fact, in the Joint Proposed Final Pretrial Order, filed on February 7, 2023 prior to the filing of the instant Motion, Plaintiff proposed trial dates as soon as March 6–10, 2023.[4] (Doc. 82 at 46). At the March 8, 2023 Final Pretrial Conference, the Court intends to schedule trial within the coming weeks. Second, Plaintiff's request to reopen discovery is opposed. Third, Defendants may be prejudiced by the reopening of discovery in the form of additional litigation costs, as they may need to hire and designate their own experts and conduct depositions. Defendants already prepared and filed their proposed pretrial documents based on the understanding that Plaintiff had no expert witnesses. Finally, although Plaintiff may not have been able to

---

[3] To be clear, the fact that discovery was stayed when Plaintiff's expert disclosure deadline passed would certainly have constituted good cause for an extension of the deadline had such a request been made with any degree of diligence. Instead, Plaintiff waited more than six months after the reason for the stay was obviated to make her request despite knowing of the purported need for additional discovery at that time and of the pendency of the discovery deadline. *See Lexington Ins. Co. v. Scott Homes Multifamily, Inc.*, No. CV-12-02119-PHX-JAT, 2015 WL 751204, at *5–6 (D. Ariz. Feb. 23, 2015) (denying a plaintiff's motion to reopen discovery for lack of diligence when the plaintiff did not learn of the documents it sought until after the discovery deadline had passed yet waited more than four months after learning of the documents to file the motion to reopen discovery).

[4] The Final Pretrial Conference was initially scheduled for February 28, 2023 and was continued to March 8, 2023 on the Court's own motion. (Doc. 99).

designate her experts before her deadline to do so due to the stay on discovery, she asserts that she *chose* not to pursue additional discovery after the denial in part of the Motion for Summary Judgment due to the settlement conference—despite knowing that the discovery deadline would expire in the meantime. Plaintiff's need for the discovery sought was foreseeable six months before she filed the instant Motion.

In sum, Plaintiff was not diligent in seeking to reopen discovery. She knew of the need for the discovery sought before the expiration of the discovery deadline. She could have sought an extension for discovery when the Motion for Summary Judgment was denied in part on August 15, 2022. She could have asked to reopen discovery following the unsuccessful settlement conference on December 9, 2022. And she could have asked to reopen discovery after this Court set a Final Pretrial Conference on January 5, 2023. Instead, she waited until February 13, 2023, after the parties had filed their joint proposed pretrial documents, after she herself had proposed a March trial date, and after Defendants had filed their motion in limine to preclude undisclosed experts. This is not diligence, and Plaintiff is therefore not entitled to relief. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Reopen Discovery (Doc. 100) is **denied**.

Dated this 2nd day of March, 2023.

Honorable Steven P. Logan
United States District Judge