**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yessenia Garcia,<br><br>          Plaintiff,<br><br>vs.<br><br>City of Scottsdale, et al.,<br><br>          Defendants. | No.  CV-21-00914-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendants' Motion in Limine No. 3 (Doc. 90), which seeks exclusion of the following witnesses and evidence for untimely disclosure: (1) expert witnesses Roger Clark and Scott Holdaway; (2) fact witness Lieutenant Gollihar; (3) receipts from Casa Amigos and HiFi; (4) employment records from Omni Hotels; and (5) any evidence of or argument for special damages. The Motion has been fully briefed in accordance with the Order Setting Final Pretrial Conference (Doc. 78 at 4) and was taken under advisement following argument at the March 8, 2023 Final Pretrial Conference.

**I.     Legal Standard**

Federal Rule of Civil Procedure ("Rule") 37(c)(1) provides the following:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

This provision is a "self-executing sanction." Fed. R. Civ. P. 37 advisory committee's note (1993); *see also Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021) ("Rule 37(c)(1) is an 'automatic' sanction that prohibits the use of improperly disclosed evidence."). Still, exclusion of evidence is not a necessary sanction, as Rule 37(c)(1) authorizes other sanctions "in addition to or instead of" exclusion. *See Merchant*, 993 F.3d at 740. "A party facing sanctions . . . bears the burden of showing that a sanction other than exclusion is better suited to the circumstances," and the Court need not consider a lesser sanction than exclusion if the party facing sanctions does not move for one. *Id.* at 741–42. The party facing sanctions also bears the burden of proving substantial justification or harmlessness. *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012).

## II.    Experts Roger Clark and Scott Holdaway

Defendants first seek to exclude the testimony of expert witnesses Roger Clark and Scott Holdaway, who were first disclosed in preparation for the Final Pretrial Conference. Plaintiff argues that she could not have disclosed her expert witnesses sooner because there was a discovery stay in this case. The court thoroughly addressed the background of this issue in its March 3, 2023 Order denying Plaintiff's Motion to Reopen Discovery. (Doc. 120 at 1–2). To briefly summarize, on May 5, 2022 Magistrate Judge Boyle granted Defendants' Motion to Stay Discovery pending resolution of Defendants' Motion for Summary Judgment. (Doc. 67). On August 15, 2022—after Plaintiff's July 22, 2022 expert disclosure deadline had passed but before the September 30, 2022 fact discovery deadline—the Court granted in part and denied in part Defendants' Motion for Summary Judgment. (Doc. 69). Still, Plaintiff did not seek additional discovery or additional time for discovery until after the Court issued its January 5, 2023 Order Setting Final Pretrial Conference (Doc. 78) and after Defendants filed the instant Motion on February 7, 2023. (Doc. 90). As a result, the Court denied Plaintiff's February 13, 2023 Motion to Reopen Discovery (Doc. 100) due to lack of diligence. (Doc. 120).

///

The Scheduling Order in this case stated:

> An expert witness who has not been timely disclosed will not be permitted to testify unless the party offering such witness demonstrates that: (a) the necessity of such expert witness could not have been reasonably anticipated at the time of the deadline for disclosing such expert witness; (b) the Court and opposing counsel or unrepresented party were promptly notified upon discovery of such expert witness; and (c) such expert witness was promptly proffered for deposition.

(Doc. 28 at 3); *see Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). Plaintiff makes no such demonstration. Even though discovery was stayed pending resolution of Defendants' Motion for Summary Judgment when Plaintiff's expert disclosure deadline passed, she did not disclose her experts to Defendants until the parties were preparing their Joint Proposed Pretrial Order, nearly four months (at minimum) after the Motion for Summary Judgment was denied in part. Thus, she failed to promptly notify the Court or opposing counsel of the witnesses and failed to promptly proffer them for deposition, which she could and should have done immediately after summary judgment was denied. Plaintiff's months-long delay in disclosing her expert witnesses was neither substantially justified nor harmless, so expert witnesses Roger Clark and Scott Holdaway will be excluded.

### III. Lieutenant Gollihar

Defendants likewise seek the exclusion of Lt. Gollihar, who authored the Scottsdale Police Department's Internal Affairs report regarding Plaintiff's arrest, because he was not disclosed during discovery. In the parties' Joint Proposed Pretrial Order, Plaintiff states that Lt. Gollihar may be called to testify that he "confirmed that there were surveillance cameras at the Casa Amigos and HiFi restaurants where Plaintiff had been during the evening, including at the time of the hit and run incident." (Doc. 82 at 17). But that evidence—which is the only topic listed for his testimony—is already excluded by the Court's ruling on Defendants' Motion in Limine No. 2 (Doc. 89), which was granted on the record at the March 8, 2023 Final Pretrial Conference. The Court

found that evidence not known to officers at the time of Plaintiff's arrest, including the Internal Affairs determination that Casa Amigos and HiFi had surveillance cameras, is irrelevant and must be excluded. Because the Court has already found the topic of Lt. Gollihar's testimony to be inadmissible, the instant Motion as to his testimony is moot.

### IV.     Receipts from Casa Amigos and HiFi

Defendants' Motion next seeks exclusion of receipts from Casa Amigos and HiFi, asserting that Plaintiff failed to timely disclose them. Defendants' Motion in Limine No. 1 (Doc. 88) also sought exclusion of the receipts, and the Court granted that portion of the Motion on the record at the Final Pretrial Conference. Accordingly, the instant Motion is moot as to this evidence, as well.

### V.     Omni Hotel Employment Records

Next, Defendants ask the Court to exclude Plaintiff's Omni Hotel employment records for untimely disclosure. At the March 8, 2023 Final Pretrial Conference, Plaintiff stated that she was withdrawing these records, so the issue of their exclusion is moot.

### VI.     Special Damages

Finally, Defendants move to exclude any evidence of or argument for special damages. Plaintiff withdrew any request for special damages at the Final Pretrial Conference, so this issue is also moot.

**IT IS THEREFORE ORDERED** that Defendants' Motion in Limine No. 3 (Doc. 90) is **granted in part** and **denied as moot in part**. The Motion is granted as to expert witnesses Roger Clark and Scott Holdaway, and denied as moot with respect to fact witness Lieutenant Gollihar, receipts from Casa Amigos and HiFi, Plaintiff's Omni Hotel employment records, and evidence of special damages.

Dated this 8th day of March, 2023.

Honorable Steven P. Logan
United States District Judge